

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CRAIG WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:15-CV-83-P-BL |
| CITY OF COLORADO CITY, *et al.*, | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion to Remand, filed April 30, 2015. (Doc. 8). Plaintiff is proceeding *pro se* and filed his original complaint in the 32nd District Court in Mitchell County on March 24, 2015. (Doc. 1, p. 14). On April 22, 2015, Defendants removed the case to the United States District Court for the Northern District of Texas, Abilene Division, on the basis of federal question jurisdiction. (Doc. 1). Defendants filed their response to the Motion to Remand on June 6, 2015. (Doc. 10). On June 18, 2015, the District Judge referred the case to the United States Magistrate Judge for pretrial management. (Doc. 12). The parties have not consented to proceed before the United States Magistrate Judge.

Defendants assert that this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441(a) because Plaintiff brings claims arising under the Constitution and Laws of the United States. (Doc. 1, p. 1). Defendants state that the allegations in the complaint may also purport to bring one or more claims under 42 U.S.C. § 1983, which could be brought in federal court under 28 U.S.C. § 1331. (Doc. 1, p. 1-2).

In the Motion to Remand, (Doc. 8), Plaintiff argues that the Court should return the case to state court because "had [he] wanted to file [the case] in Federal Court, [he] would have." Plaintiff also requests a hearing on the matter, along with temporary injunctive relief, and requests appointment of an attorney. (Doc. 8). Defendants' response argues the Motion to Remand should be denied because "Plaintiff's original petition asserts claims arising under the Constitution and laws of the United States," and thus, the Court has original jurisdiction over the suit. (Doc. 10, p. 2).

## I.

28 U.S.C. § 1331 provides that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The removal statute 28 U.S.C. § 1441(a) states that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants . . . ." "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant[s]. . . . The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936)). Notably, plaintiffs may not attempt to defeat removal by omitting "necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 22 (1983) (citing *Acco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists*, 376 F.2d 337, 339-40 (6th Cir. 1967), aff'd 390 U.S. 557 (1968)).

## II.

In his complaint, Plaintiff states that he has been a "longtime victim of stalking, drugging and/or poisoning, coordinated harassment, burglary of house and vehicle, and attempted murder." (Doc. 1, p. 14). Plaintiff claims he has complained to the Colorado City Police Department about these crimes on several occasions, but the police department is "purposely NOT investigating [the crimes, and is] impeding [his] attempts to stop these crimes and in fact allowing these crimes to continue. . . ." (Doc. 1, p. 14). Plaintiff further alleges that the police department "has allowed these violent crimes . . . to continue[,] leaving [him] in a state of duress mentally, physically, emotionally, and intellectually, due to consistent heavy drugging and/or poisoning, that disallows [him] from remembering all of the specific dates, times and names of the [Police officers he] complained to." (Doc. 1, p. 15). On January 3, 2015, Plaintiff states that he telephoned the police department and informed them of another such incident where he was drugged or poisoned. (Doc. 1, p. 15). The police department sent Officer Barrows to Plaintiff's house to investigate the claims. (Doc. 1, p. 15). Plaintiff states that Officer Barrows threatened Plaintiff with arrest, pointed a taser at Plaintiff, and eventually falsely arrested him. (Doc. 1, p. 15-16). Plaintiff claims these events violated various civil rights guaranteed by the Texas Constitution, and created several state tort actions.

Although Plaintiff repeatedly states he seeks legal remedies for violations of "state constitutional rights," Plaintiff also asserts that his 14th Amendment equal protection rights have been violated. (Doc. 1, p. 14-18). Plaintiff seems to reason that because Texas ratified the 14th Amendment to the United States Constitution, he can bring his claims solely under the Constitution and Laws of the state of Texas, and exclude federal law completely. (Doc. 1, p. 15). Although not specifically plead as such, Plaintiff's allegations also seem to allege claims typically brought under

42 U.S.C. § 1983. However, as discussed above, a plaintiff may not defeat federal jurisdiction by conveniently omitting and failing to plead federal causes of action.

Notably, the present state court complaint starkly resembles a prior federal suit Plaintiff filed in 2013. *See White v. Owens*, No. 1:13-cv-29-C (N.D. Tex.) (case dismissed with prejudice March 3, 2013). In *White v. Owens*, Plaintiff brought a civil rights suit in this Federal District Court alleging that the Colorado City Police Department did not properly "investigate the continual stalking/drugging/poisoning of [Plaintiff] by the Lubbock FBI. . . ." No. 1:13-CV-29-C, Doc. 7, p. 1 (citing Plaintiff's complaint). Plaintiff also alleged that the "Colorado City Police Department Influenced [his] medical care while at the hospital several times resulting in the refusal to test [his] blood properly." *Id*.

Because Plaintiff's complaint alleges, on its face, that his 14th Amendment rights were violated, and because Plaintiff seems to allege claims typically brought under 42 U.S.C. § 1983, the Court is of the opinion that the case was properly removed to the federal forum.

### III.

Plaintiff also requests appointment of an attorney in the Motion for Remand. (Doc. 8).

"A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982); *see Ulmer v. Chancellor*, 691 F,2d 209, 212 (5th Cir. 1983). Plaintiff has not shown any inability to set forth his claims for relief nor has he shown that extraordinary circumstances are involved which would justify the appointment of counsel.

## IV.

Accordingly, the Court **RECOMMENDS** that the Motion for Remand, (Doc. 8), be **DENIED**. Further, the Court **RECOMMENDS** that Plaintiff's request for appointment for counsel, along with other requests made in his Motion for Remand, be likewise **DENIED.**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 15 day of July, 2015.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE