UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| CRAIG WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:15-CV-83-P-BL |
| CITY OF COLORADO CITY, *et al.*, | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Rule 12(c) Motion to Dismiss and alternative Rule 12(e) motion for more definite statement, filed May 6, 2015. (Doc. 9). Plaintiff Craig White (White) did not file a response to this motion. White is proceeding *pro se* and filed his original complaint in the 32nd District Court in Mitchell County on March 24, 2015. (Doc. 1, p. 14). On April 22, 2015, Defendants removed the case to the United States District Court for the Northern District of Texas, Abilene Division, on the basis of federal question jurisdiction. (Doc. 1). Thereafter, White filed a motion to remand, (Doc. 8), which this Court recommended be denied. (Doc. 13). Chief District Judge Jorge Solis accepted this Court's recommendation to deny remand on August 17, 2015. (Doc. 17). The parties have not consented to proceed before a United States Magistrate Judge.

### I. Factual Background

On March 24, 2015, White filed his state-court complaint in Mitchell County alleging malfeasance on the part of the City of Colorado City, Colorado City Police Chief Louis Aguilar,

and Colorado City Police Officer James Bowers (hereafter Colorado City, Aguilar, and Bowers, respectively; collectively Defendants). (Doc. 1-3 at 4). Specifically, White complains:

> I, Craig White, am the current and longtime victim of stalking, drugging and/or poisoning, coordinated harassment, burglary of house and vehicle, and attempted murder. The perpetrators are professionals at these crimes, well trained (possibly ex special ops), well financed, sadistic, and violent.
>
> I have complained to the Colorado City Police Department many times to no avail. It is obvious at this point that the Colorado City Police Department are purposely NOT investigating, impeding my attempts to stop these crimes and in fact allowing these crimes to continue and escalate.

(Doc. 1-3 at 4-5). Further, White reports that on January 3, 2015, Bowers responded to White's residence in reference to him calling the police department about being drugged.[1] (Doc. 1-3 at 5). White alleges that upon arrival, Bowers refused to take White to the hospital for drug testing or further investigate White's claims. (Doc. 1-3 at 5). White admits that he was "impaired due to being drugged," but insists that Bowers "refused me any help and instead threatened me with arrest for disorderly conduct if I were to say one more cuss word." (Doc. 1-3 at 5-6). Additionally, White claims that Bowers assaulted him by pointing his taser at White's face and instructing him to go back inside his house. (Doc. 1-3 at 6). White adds that Bowers pointed the taser at him "with a facial expression of wild sadist pleasure, with unnaturally dilated eyes that led me to believe that he [Bowers] was on drugs . . . ." (Doc. 1-3 at 6). White also contends that Bowers trespassed on his property by "refusing to leave after being told to by the property owner." (Doc. 1-3 at 6). White concludes that Bowers did ultimately arrest him after he admittedly cursed again after being instructed not to by Bowers. (Doc. 1-3 at 6). White asserts that Bower's actions amounted to false arrest and false imprisonment under the Texas Constitution. (Doc. 1-3 at 6).

---

[1] While White alleges that this incident took place on January 3, 2015, police records indicate that Bowers responded to White's residence and arrested him on December 28, 2014. (Doc. 9-4 at 3).

2

On December 30, 2014, White pleaded no contest to the disorderly conduct charge stemming from encounter with Bowers and Municipal Court Judge Janine Galey assessed his punishment at "time served." (Doc. 9-4 at 2).

## II. Procedural Background

The Court notes that White's current case is very similar to other cases White has filed in the Northern District of Texas in recent years. First, White filed a complaint against the Lubbock Office of the Federal Bureau of Investigations (FBI) on May 21, 2007, alleging that "unknown officers enticed local and state police agencies to violate his equal protection rights and enticed local hospitals to deny him toxicology tests after he complained of being poisoned."[2] United States District Judge Sam Cummings dismissed White's claims as frivolous on August 13, 2007. Judge Cummings noted, "Plaintiff's complaint is rambling, incoherent, incomprehensible, irrational, and wholly incredible."[3]

Next, on June 11, 2007, White filed a complaint against David Gutierez, then-current sheriff of Lubbock County, and the Lubbock County Jail alleging a "concerted effort by his deputies (20-30) to humiliate, intimidate, and sexually harass [White] based on [his] supposed homosexual orientation thus subjecting [him] to public ridicule and threat of physical harm."[4] "White also asserts that the prison guards' actions were in retaliation for his reporting of illegal chemical dumping." *White v. Gutierez*, 274 F. App'x 349, 350 (5th Cir. 2008). On August 15, 2007, Judge Cummings dismissed this case as frivolous, once again noting, "Plaintiff's complaint is irrational and wholly incredible."[5] The Fifth Circuit Court of Appeals affirmed the dismissal on April 15, 2008. *White v. Gutierez*, 274 F. App'x at 350.

---

[2] *See White v. Lubbock Office, Federal Bureau of Investigation*, No. 5:08-CV-00013-BG (N.D. Tex. Aug. 13, 2007).
[3] *Id.*
[4] *See White v. Gutierez, et al.*, No. 5:07-CV-00105-C (N.D. Tex. Aug. 15, 2007).
[5] *See White v. Gutierez, et al.*, No. 5:07-CV-00105-C (N.D. Tex. Aug. 15, 2007).

On December 27, 2007, White filed a complaint against the City of Abilene and the Abilene Police Department alleging that the police department had "denied him equal protection rights by failing to investigate his complaint that someone was 'stalking him and poisoning [him] by pumping an unknown strongly odored [sic] chemical into his car.'"[6] Further, White contended that "someone was enticing [his] neighbors and citizens into harassing and sexually harassing [him] in the same manner as had happened to [him] before in Lubbock, Anton, [Lubbock] County Jail, Dickens [County] Correctional Facility, Brownfield Jail and Hockley County Jail." Judge Cummings dismissed White's complaint with prejudice as "clearly baseless" and "factually frivolous."[7]

Once again, on January 11, 2008, White filed a complaint against David Gutierez, then-current sheriff of Lubbock County, and the Lubbock County Jail for alleged verbal abuse and harassment White endured while incarcerated in the Lubbock County Jail.[8] Additionally, White indicated that he believed the harassment was part of a conspiracy against him. United States Magistrate Judge Nancy Koenig dismissed White's case as frivolous and warned White of the consequences of duplicative, malicious filings.[9]

On January 29, 2008, White filed a complaint against the Texas Department of Public Safety and several of its officers for failure "to investigate his claims since 2001 that he is being stalked and harassed."[10] Again, Judge Cummings found White's complaint to be factually frivolous and malicious. Further, Judge Cummings admonished White that future frivolous

---

[6] *See White v. City of Abilene, et al.*, No. 5:07-CV-269-C (N.D. Tex. Mar. 7, 2008).
[7] *Id.*
[8] *See White v. Gutierez, et al.*, No. 5:08-CV-00013-BG (N.D. Tex. Jul. 2, 2008).
[9] *Id.*
[10] *See White v. Tex. Dep't of Pub. Safety, et al.*, No. 5:08-CV-00035-C (N.D. Tex. Mar. 7, 2008).

4

filings could result in sanctions and being barred from filing future lawsuits in the federal courts.[11]

On October 30, 2009, White filed another complaint against the City of Abilene and unknown officers and dispatchers from the Abilene Police Department.[12] This time White alleged that he was drugged or poisoned while staying at a hotel in Abilene, Texas, but, upon contacting the police department, the responding officer did not complete a "real investigation." White further alleged that the responding officer—by not arresting him—left him vulnerable to danger from himself or others. Judge Cummings interpreted White's complaint as "an attempt to invoke a state-created-danger theory of recovery." Judge Cummings noted the lack of precedence for such a theory in the Fifth Circuit and dismissed White's lawsuit for failure to state a claim on which relief could be granted.[13]

On February 23, 2012, White sued Ann Reed, the Criminal District Attorney for Mitchell and Nolan counties, along with the Sweetwater Police Department and the Mitchell County Sheriff's Office.[14] In this instance, White alleged that the Sweetwater Police Department failed to investigate a drive-by shooting where he was allegedly shot in the head with a BB gun while protesting in the city. Additionally, White claimed that the Sweetwater Police Department failed to investigate a burglary and "aggravated assault of [White] in which someone broke into [his] house and put what tasted like pickle juice, but had a strong after taste of gasoline or lighter fluid in [his] toothpaste." Judge Cummings held a hearing on White's complaints on June 18, 2012, but White failed to appear. Then, on July, 2, 2012, Judge Cummings ordered that the claims be

---

[11] *Id.*
[12] See *White v. City of Abilene, et al.*, No. 1:09-CV-203-C (N.D. Tex. Jan. 28, 2010).
[13] *Id.*
[14] See *White v. Reed, et al.*, No. 1:12-CV-028-C (N.D. Tex. Jul. 2, 2012).

dismissed against all remaining defendants for failure to state a claim on which relief could be granted.[15]

On February 15, 2013, White filed a complaint against Roy Owens, acting police chief of the City of Colorado City Police Department.[16] In that case White alleged that Owens, in his official capacity, "has a policy to NOT investigate the continual stalking/drugging/poisoning of [White] by the Lubbock FBI." White further complained that the Colorado City Police Department "influenced [his] medical care while at the hospital several times resulting in the refusal to test [his] blood properly." Judge Cummings concluded that "there is no constitutional right to have the police investigate allegations a party feels should be investigated."[17] Finally, Judge Cummings cautioned White that he borders on becoming a vexatious litigant and dismissed this complaint as "nonsensical, frivolous, and without basis in law or fact."[18]

Now before the Court is the current case filed in state court (and removed to this Court) in March 2015, which is nearly identical to many of the cases that White filed in the past that have ultimately been dismissed (and affirmed) as frivolous.

### III. Legal Standard

#### A. Dismissal standard under Rule 12(c)

A motion for judgment on the pleadings may be filed "after the pleadings are closed" but "early enough not to delay trial." FED. R. CIV. P. 12(c). "[T]he standard for deciding a Rule 12(c) motion is the same as the one for deciding a motion to dismiss under Rule 12(b)(6)." *Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-CV-4997-D, 2015 WL 1757358, at *2 n. 3 (N. D. Tex. Apr. 17, 2015); *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). "To avoid

---

[15] *Id.*
[16] *See White v. Owens*, No. 1:13-CV-029-C (N.D. Tex. Mar. 8, 2013).
[17] *Id.* (citing *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (a private citizen such as Plaintiff enjoys no constitutional right to have criminal charges investigated or brought against another individual).
[18] *See White v. Owens*, No. 1:13-CV-029-C (N.D. Tex. Mar. 8, 2013).

dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, federal courts need not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). "Our task, then, is to determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (quotation omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). Finally, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

### IV. Analysis

**A. Claims against the City and Aguilar and Bowers in their official capacities**

First, to the extent that White attempts to sue Aguilar and Bowers in their official capacities, the undersigned recommends that the claims against them for failure to investigate be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (finding a lawsuit against an

official in his official capacity is "in all respects other than name, to be treated as a suit against the entity"). Also, there is no vicarious liability for § 1983 claims. *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011). For a claim of "municipal liability" to be actionable against Colorado City, White must demonstrate that the City had a policy maker who established an official policy that was the moving force behind the alleged violations of his constitutional rights. *See Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012). Pertaining to these elements, White contends:

> Louis Aguilar, Colorado City Police Chief, has knowledge of the crimes being committed against me but has repeatedly stated that he could not help me and this has held me in a state of outlawry . . . . This, his personal policy to hold me in a state of outlawry as Chief of police in Colorado City has set the standard for his underlings at the Colorado City Police Department to also hold me in a state of outlawry. . . . This also makes the city of Colorado City liable as he is acting as the Chief of Police for the city in his official capacity.[19]

(Doc. 1-3 at 7). White fails to substantiate any facts that Aguilar instituted an official policy to violate his constitutional rights, and, in fact, refers to the alleged policy as Aguilar's "personal policy," not the *official* policy required under *Bishop v. Arcuri*, 674 F.3d at 467.

Further, White was already made aware in *White v. Owens*, No. 1:13-CV-029-C (N.D. Tex. Mar. 8, 2013), that a private citizen does not have a constitutional right to compel a law enforcement entity to initiate a criminal investigation. *See also Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010); *Miller v. Harris Cnty.*, Civ. A. No. H-08-2826, 2011 WL 4456094, at *8 (S.D. Tex. Sept. 22, 2011). Accordingly, White's bare and conclusory allegations that he was drugged and poisoned by sadistic special operatives fail to state a claim on which relief can be granted and the undersigned recommends that the claims against the City of Colorado City should also be dismissed.

---

[19] White defines "outlawry" as a person excluded from the benefits or protections under the law, and quotes the Texas Constitution stating, "No citizen shall be outlawed." (Doc. 1-3 at 5).

### B. White's § 1983 claims against Bowers for the "January 3rd" arrest

As noted, White contends that Bowers assaulted him, trespassed on his property, and subjected him to false arrest and imprisonment. Defendants admit that Bowers did respond to White's residence to investigate his call to the police department requesting assistance. Bower's probable cause affidavit details his encounter with White. (Doc. 9-4 at 3). Bowers indicated that he met with White in his front yard and that White was cursing in a loud "tone which was a breach of the peace." *Id.* Bowers advised that he instructed White to stop cursing due to the close proximity to other residences. *Id.* Bowers reported that White continued to curse so he was placed under arrest and transported to jail. *Id.* Defendants point out that White's actual arrest took place on December 28, 2014, and White pleaded no contest and was sentenced to time served on December 30, 2014. (Doc. 9 at 5). While White's and Bower's accounts of the incident differ, the facts remain that White pleaded no contest and was sentenced for this offense. (Doc. 9-4 at 2).

Defendants argue that White's conviction for disorderly conduct extinguishes any § 1983 claims he has in relation to the same incident under *Heck v. Humphrey*. 512 U.S. 477, 486 (1994) ("in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" has been reversed, expunged, invalidated, "or called into question by a federal court's issuance of a writ of habeas corpus"). In *Wells*, a Fifth Circuit case, the plaintiff filed a § 1983 false arrest claim challenging the probable cause for his arrest because he was only convicted of resisting arrest despite originally being charged with both resisting arrest and disorderly conduct. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). The *Wells* court held that in the event of conviction for a related offense, "*Heck* dictates that [plaintiff's] claim for false arrest is not cognizable in the

9

absence of the invalidation of his conviction for resisting a search, which, as we have noted, has not occurred." *Wells*, 45 F.3d at 95. There is no evidence before the Court that White's conviction for disorderly conduct stemming from Bower's arrest has been disturbed. As a result, the Court recommends that any claims related to White's December 28th arrest (also referred to as the January 3rd arrest) should be dismissed pursuant to *Heck v. Humphrey*.

### C. Both Aguilar and Bowers are entitled to qualified immunity

Defendants Bowers and Aguilar invoke the defense of qualified immunity to claims against them. A government actor may be entitled to qualified immunity relieving him of civil damages liability "unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014) (quoting *Reichle v. Howards*, — U.S. —, 132 S. Ct. 2088, 2093, 182 L. Ed.2d 985 (2012)). The burden is on the plaintiff to establish that the government official is not entitled to qualified immunity, which is evaluated using a two-step process. *Wyatt v. Fletcher,* 718 F.3d 496, 502 (5th Cir. 2013) (holding that a plaintiff must show (1) "a violation of a clearly established constitutional or statutory right" and (2) that the government official's conduct was objectively unreasonable). A right is clearly established if "existing precedent [has] placed the statutory or constitutional question *beyond debate.*" *Doe*, 751 F.3d at 387 (citation omitted).

With regard to Aguilar, it is well established that a private citizen does not have a constitutional right to compel a criminal investigation or have charges brought against another person. *See White v. Owens*, No. 1:13-CV-029-C (N.D. Tex. Mar. 8, 2013); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010). Therefore, White's only complaint against Aguilar, that as Chief his police department failed to investigate White's complaints, does not amount to a constitutional violation. Further, similar actions by other law enforcement entities in relation to

White's complaints have not been shown to be objectively unreasonable. *See White v. Gutierez,* 274 F. App'x at 350. Accordingly, Aguilar is entitled to qualified immunity due to White's inability to demonstrate a violation of a clearly established constitutional right or the objective unreasonableness of Aguilar's actions. *See Wyatt v. Fletcher,* 718 F.3d at 502.

Bowers is also entitled to qualified immunity for the reasons stated above and the rule in *Heck*. First, White's claims of assault, trespass, false arrest, and false imprisonment are all silenced by *Heck*'s requirement that the conviction be overturned on independent grounds. *See Heck v. Humphrey.* 512 U.S. at 486. Consequently, White cannot maintain a claim against Bowers for violation of a clearly established constitutional right. *See Wyatt v. Fletcher,* 718 F.3d at 502. Further, White paints the picture of an out-of-control officer with "unnaturally dilated eyes that led [White] to believe that he was on drugs" when describing the excessive force (taser threat) allegedly used by Bowers. (Doc. 1-3 at 6). Bowers, on the other hand, describes a contentious yet otherwise normal police encounter when describing his arrest of White. (Doc. 9-4 at 3). The drastic differences in the two accounts might be explained by White's admission that he was impaired and "not able to function normally" due to drugging and/or poisoning at the time of the December 28th arrest. (Doc. 1-3 at 6). Either way, White fails to evince any objectively unreasonable behavior by Bowers during the December 28th arrest. As a result, Bowers is entitled to qualified immunity due to White's inability to demonstrate a violation of a clearly established constitutional right or the objective unreasonableness of Bowers' actions. *See Wyatt v. Fletcher,* 718 F.3d at 502.

### V. Conclusion

A claim may be dismissed as factually frivolous if the facts alleged are "clearly baseless," i.e. "fanciful," "fantastic," or "delusional." "[A] finding of factual frivolousness is appropriate

when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 1733 (1992). Repetitive claims are subject to dismissal as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

Since White is *pro se*, the Court has liberally construed his pleadings in an attempt to discern a basis in law for relief. Still, the Court is of the opinion that even a liberal reading of White's complaint does not yield a stated claim and opportunity for White to amend would be fruitless.

Accordingly, the Court **RECOMMENDS** that Defendants' Rule 12(c) Motion to Dismiss (Doc. 9) be **GRANTED**. Additionally, the Court finds that White's complaint is clearly baseless and **RECOMMENDS** that all claims against all Defendants be **DISMISSED** with prejudice as factually frivolous and malicious. The Court also recommends that all pending motions should be denied.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 17th day of September, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**